IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LINDAN LEE KAYLOR                                                                       PLAINTIFF

v.                      Civil No. 4:18-cv-04132

MATT STEVENS, Public Defender,
Miller County; JASON MITCHELL,
Public Defender, Miller County;
MILLER COUNTY PUBLIC DEFENDER'S
OFFICE; and KERRY WOODS, Public
Defender, Miller County                                       DEFENDANTS

## ORDER

Plaintiff Lindan Lee Kaylor filed this case *pro se* pursuant to 42 U.S.C. § 1983. Currently before the Court is the issue of preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA").

## BACKGROUND

Plaintiff filed his Complaint on September 20, 2018. (ECF No. 1). His application to proceed *in forma pauperis* was granted that same day. (ECF No. 3). Plaintiff is currently incarcerated in the Miller County Detention Center. He has named Matt Stevens, Jason Mitchell, and Kerry Woods, all of whom are public defenders in Miller County, Arkansas, as defendants in this lawsuit. Plaintiff also names the Miller County Public Defender's office as a defendant. (ECF No. 1). Plaintiff alleges his constitutional rights were violated when:

> I was called to speak with my attorney about the proceedings in my criminal case, another inmate . . . was called forward to speak to his attorney as well. We were both seated at the same table with Mr. Stevens and Mr. Mitchell. Also there was a woman typing on a computer in the same room with us. The door was open to the room and people occupied the hallway directly outside the door within earshot of my attorney and I. This is a direct violation of my right to privacy when communicating with my attorney."

1

*Id.* at pp. 4-5. Plaintiff makes the same allegations against Defendant Woods. *Id.* at pp. 6-7. Plaintiff is suing the individual defendants in their individual capacities only.

## APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8 Cir. 1985).

## DISCUSSION

Plaintiff has named public defenders Stevens, Mitchell, and Woods as well as the Miller County Public Defender's Office as defendants in this matter. The Miller County Public Defender's office is a building and not a person subject to suit under 42 U.S.C § 1983. *See e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)("[s]heriff's departments and police departments are not usually considered legal entities subject to suit").

Further, Defendants Stevens, Mitchell and Woods—Plaintiff's public defenders during his criminal proceedings—are not subject to suit under § 1983. A § 1983 complaint must allege that

2

each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir.1999). Defendants Stevens, Mitchell and Woods were not acting under color of state law while representing Plaintiff in his criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312, 324 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings."). Accordingly, Plaintiff has failed to state cognizable claims under § 1983 against any of the named defendants in this lawsuit.

## CONCLUSION

For the reasons stated above, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii). The **dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g). The Clerk is DIRECTED to place a § 1915 strike flag on the case.**

**IT IS SO ORDERED**, this 5th day of October, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

3